BRYNE, executrix of BRYNE, *against* MORRIS.

On a return of *cepi corpus*, the plaintiff may proceed

THE Sheriff arrested the defendant upon the *capias ad respondendum*, and returned it thus : " By virtue of the with-

to file common bail and take judgment, though the sheriff in fact have suffered the defendant to go at large without bail.

A return by a sheriff thus : " I have taken the defendant, who remains under my custody, so sick that I cannot have his body before the justices, &c." is a return of *cepi corpus* simply, and the addition " so sick, &c." is surplusage.

It seems, that the English return of *languidus* has no application to this state.

in writ to me directed, I have taken the within named *An-drew Morris, who remains under my custody,* so ill and weak, that I cannot have his body before the Justices of the Supreme Court of Judicature, at the day and place within contained as I am within commanded, without the greatest danger and peril of his life." The plaintiff filed common bail, and receiving no notice of retainer, proceeded to judgment by affixing a notice of the rule to plead, in the Clerk's office, &c. The declaration described the defendant as *in custody,* &c., the ordinary form upon a *cepi corpus ,* and now,

*J. Anthon,* for the defendant, moved to set aside the proceedings for irregularity. He said the return of *languidus* is in correct form according to all the precedents; and the defendant remained in the actual custody of the Sheriff. (Tidd's Prac. Forms, 83. Officina Brevium, 221. Dalton's Sheriff, 211.) Being in custody, the plaintiff ought to have declared against him according to the form prescribed in the act, (1 R. L. 353, s. 11,) expressing in custody of what Sheriff he was. The declaration was incorrectly served by putting up a notice in the Clerk's office. It should have been served on the prisoner himself, or on the Sheriff or jailer. (Id.)

It is doubtful whether upon the ordinary return of *languidus,* the defendant is sufficiently in Court for the purpose of any proceedings whatever, against him, until his body is brought in by *habeas corpus,* (2 Lill. Pr. Reg. 478,) or by a *duces tecum languidum.* (Ree's Encyclop. *Languidus.*) Unless the proceedings are in one of the ways for which we contend, the judgment will always pass against the sick man by surprise ; the Sheriff always contenting himself with a mere entrance into the sick man's chamber, on which he founds his return.

*R. Emmet & C. White,* jun. contra. The defendant (or his friends) is evidently attempting, under pretence of his sickness, to baffle the justice of the Court.

ALBANY,<br>
Feb. 1824<br>
<br>
Byrne<br>
v.<br>
Morris.

The whole objection is founded upon the supposition that the defendant is to be deemed *actually in prison;* where-as, in *fact* and *form*, the return imports no such thing, but directly the reverse. It alleges that the defendant was *arrested*, but that he was sick, and the Sheriff could not bring him into Court; or, in other words, *commit him to prison.* For if he had committed him to prison, the whole command of the writ would have been obeyed; and whether sick or well, the return would have been, simply, that he had him *in custodia,* to wit, *in prison.* But the *languidus* is assigned, as a reason why he could not have him in close custody, (*areta et salva custodia.*) As to his being under his custody (*sub custodia*) every defendant arrested is so, even when his appearance is endorsed, in legal contemplation. The very form of the declaration is so, as the defendant in that case, as well as where he gives bail, is stated to be in custody, &c. It is a *fiction*, for the purpose of jurisdiction; but as to the service of the declaration it is the *fact* only which is looked at; to wit, that the defendant is *actually* in jail.

The reason of the thing is so. Thus the statute referred to (1 R. L. 353, s. 11,) requires the declaration to be special, only where the defendant is taken, *and imprisoned or detained in prison for want of sureties*, that is, where he is either originally, actually committed to prison, or subsequently surrendered for want of bail. The act meant to guard against a judgment by surprise, when the defendant was in close custody, and could have no access to friends or other persons to assist him. The plaintiff then should be bound to serve him personally, or the Sheriff with the declaration. But where he is merely arrested, and then left at large, at his own house, surrounded by friends, with all opportunities of access, neither the words or spirit of the act apply.

The only question is, whether the Court, by the arrest, got jurisdiction of the case. Of this there can be no doubt. A man's being sick is no reason he should be *exempt from suit.* It may be a reason with the Court in giving indulgences, to enable him to make a fair defence. But when the

arrest is once made, and the defendant in custody, in legal contemplation (we speak now of the *formal custody* which gives jurisdiction) the plaintiff is at liberty to proceed with his suit. This is so in every case. It is so when the appearance is endorsed. He is then, for the purposes of the suit, supposed to be in custody. It is so, where he is arrested on bailable process, and suffered by the Sheriff to go without bail ; and the plaintiff may waive bail and take judgment against him. It is so when he is in actual custody. The jurisdiction over the suit attaches upon the arrest, in whatever way the defendant is disposed of.

Then, in this case, the plaintiff had a right to file his declaration, and proceed in the suit ; and he was not bound to serve the declaration on the Sheriff or defendant personally.

As to the possibility of the defendant's being surprised, it is a sufficient answer to say, that when such a case arises the Court will give relief. None here is pretended. But the argument has no weight in it. The sick man, when served with a writ, is apprised in the most solemn manner of the suit. He has only, as in other cases, to request his attorney or his friends, or some of his family, to attend to it.

It may be proper to add, that the return of *languidus*, in England and here, is of a totally distinct nature. In England each Court has a prison of its own—The Marshalsea for the K. B. and the Fleet for the C. P. All prisoners, in legal contemplation, and in fact where the body is actually taken, are brought to London, and committed to one or the other prison, and the Sheriff's duty and power over the prisoner then ceases. These prisons are distinct from the jails or county prisons. Now when the Sheriff is permitted to return " *languidus*," it is not an excuse for not arresting the defendant, but for not bringing in the body ; that is, bringing him from a remote county in England, for instance, and committing him to the Fleet or Marshalsea. Accordingly, in the instances of return of *languidus*, referred to by the defendant's counsel, the Sheriff states in the return, that the defendant has been arrested and remains in his *Majesty's prison, under his custody,* i. e. in the common jail of that county, so weak, &c., that he cannot have him before our

ALBANY, lord the king, &c., that is, cannot bring him to London, and
Feb. 1823. turn him over to the Marshal. (Tidd's Pr. Forms, 83, Am.
ed.) So in several returns given in the New Retorna Bre
Bryne vium, 167, the defendant is always stated to be *in prisona
v. *domini regis*, or *in prisona*—not *in custodia* merely.
Morris. And the sickness of the defendant is given as the excuse for
not bringing him to London, and delivering him to the Mar-
shal.

In England the plaintiff cannot proceed until the defen-
dant, is thus brought up and turned over. But with us eve-
ry Sheriff of every county is the Marshal, and the defendant
being in his custody, sick or well, the plaintiff may proceed
precisely as he may in England, after the prisoner is deliv-
ered to the Marshal. And it would be a strange doctrine
in England, if after the prisoner is in the Marshal's hands,
the plaintiff must stop his suit because he was sick.

*Anthon*, in reply. As to all the grounds assumed by the
plaintiff, I answer, the Sheriff has returned that he has the
defendant *in his custody*. He is, therefore, a prisoner, and
should have been proceeded against accordingly.

The plaintiff supposes the Sheriff to have returned *that
he has arrested the defendant, who is so sick that he can-
not convey him to prison.* This is not the return. It is,
*that he remains in his custody ;* the very return made in
England, when the defendant is in prison, and sick. On
such a return in England, the defendant cannot be treated
otherwise than as a prisoner, and a different rule here would
confound all practice on returns. How can this defendant
be before the Court, unless he is in custody ? When an
appearance is endorsed, a rule is entered accordingly. Here
unless he is a prisoner, the Court cannot have jurisdiction.

*Curia.* The question is, whether this is to be consider-
ed the ordinary return of *cepi corpus*, or *cepi corpus in cus-
todia*. It is perfectly evident that the latter was not in-
tended. The Sheriff served the writ, and the defendant was
so sick that he could not be conveyed to prison with safety.
If he was in the custody of the Sheriff in the county prison,
it is immaterial whether he was sick or well, and it would be

idle to mention this fact of sickness in the return, unless it was intended as an excuse for not committing him to jail. He never was committed to prison; and it is in this case only, that the plaintiff is bound to designate the place of imprisonment in his declaration, or serve it either personally upon the defendant, or deliver it to the jailer. If the defendant has never been in jail, service on the jailer would be a nullity. We think this is to be considered a return of *cepi corpus*, simply, and all the additional matter contained in the return may be rejected as surplusage, though it would form a very good ground for a Judge's enlarging the time to plead, or an excuse for omitting to defend, upon motion to set aside a default on the ground of merits. By a return of *cepi corpus*, the defendant is considered in custody, for the purpose of giving the Court jurisdiction.

This was treated on the argument for the defendant, as the English return of *languidus ;* but it is not so. In England, the King's Bench and Common Pleas have their respective prisons : the Marshalsea belongs to the former—the Fleet to the latter ; and sometimes, when the defendant is sick in a remote part of the kingdom, the Sheriff, instead of committing him to one of these prisons, as he is required to do by the process, confines him in the county prison, and then makes the return *quod est languidus in prisona domini regis*. But the practice upon a return of *languidus* has no application to this case. The moment the Sheriff arrests the defendant, he is in custody, and the Sheriff may so return, though in fact he suffer him to go at large without bail. The plaintiff has proceeded regularly, and the motion to set aside the proceedings must be denied.

Motion denied.(*a*)

(*a*) Before the 23 H. 6, ca. 9, A. D. 1445, (enacted in this state, 1 R. L. 423, s. 13,) the sheriff was not obliged to let to bail persons arrested on mesne process ; and in case of his refusal, they we.e obliged to sue out a writ *de manucaptione*, (2 H. Bl. 433, 4.) If to a *capias* he returned *cepi corpus et paratum habeo*, he was bound to have the body at the return of the writ ; and, on failure, was amerced. (Dalt. Sh. 211, 213.) But if he returned *cepi corpus, et quod est languidus in prisona* this was a good re-

ALBANY,
Feb. 1824.
————
Byrne
v.
Morris

turn, if true that the party was sick; and a *duces tecum* might be awarded to the Sheriff to bring in the prisoner; or the defendant, if he would appear, might be received so to do. (Id. 213.) If the return was false, the Sheriff was liable to be punished by fine and imprisonment. (Id.) Whether a return of *languidus est* was good, without adding *in prisona*, was, in the time of Dalton, not well settled. (Id.) The returns of *languidus* given by him are as follows: " By virtue of this writ, A. B. within named, is taken by his body and is detained in prison or jail, so sick that I cannot have his body at the day and place within contained, without danger of his death." *Another:* " By virtue of this writ to me directed, I have taken the body of the within named J. S., which said J. S. is in the prison of our lord the king of C. so sick that, for fear of his death, I cannot have him before the Justices within written, at the day and place within contained, as within I am commanded." *Another:* (like the last as to the caption) " Which said J. is afflicted with so many infirmities, that I cannot have him without great danger of his death, on account of the debility of his body, before the Justices within written, at the day and place within contained, &c. (Id. 211.)

An action did not lie for a false return of *languidus*. (*Boles* v. *Lassels*, Cro. Eliz. 852.) The Sheriff was liable to an amercement only. But an action lay for a false return of *cepi corpus*, if he had not taken bail. (Roll. Ab. 807. Bac. Ab. Sheriff, (O).)

Where there was a return of *cepi corpus*, and the Sheriff did not produce the defendant, the ancient mode of compelling him so to do was by amercement; and this practice appears to have continued from the earliest times down to the beginning of the reign of Geo. 2, and to have given way to the proceeding by attachment at some period between the years 1724 and 1729. (Vid. 2 H. Bl. 434, n. (a) where all the authorities on this subject are fully cited.)

It will be seen by the opinion of the Court, and the argument in the principal case, that this *bringing in the body*, or in the language of our *capias*, having it *before the Justices*, &c., anciently meant an actual delivery of the defendant to the *Marshal of the Marshalsea*. But in this state every county prison is a Marshalsea for the Supreme Court, and a return of the defendant *cepi corpus in custodia* gives the Court jurisdiction, though it import no more than that the defendant is in the jail of the particular Sheriff who makes the return. (1 R. L. 353, s. 11.)

The rule to bring in the body has entirely lost its ancient meaning, and in the process of time has come to require no actual interference whatever with the body of the defendant, but a putting in special bail. (Vid. Dunl Pr. 195, and cases there cited.) This bail is the Marshal, upon a *cepi corpus*, as the Sheriff is upon a *cepi corpus in custodia*.